UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORELBE ZAYAS,

                   Petitioner,

v.                                             Case No. 6:11-cv-1022-Orl-36KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                   Respondents.

_____

## ORDER

       Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the petition (Doc. No. 1), the Court ordered Respondents to show cause why the relief sought should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 13). Petitioner filed a reply to the response (Doc. No. 22).

       Petitioner alleges three claims for relief. For the following reasons, the petition is denied.[1]

### I.    Procedural History

       Petitioner was charged by information with sexual battery of a child under the age of twelve (count one) and lewd and lascivious molestation of a child under the age of twelve (count two). A jury found Petitioner not guilty of count one but guilty of count two.

---

     [1]Respondents assert that the petition was untimely filed. The Court finds this argument unavailing. Petitioner filed the habeas petition the day before the one-year limitation period expired.

The trial court sentenced Petitioner to a 120-month term of imprisonment.  Petitioner appealed.  The Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state habeas petition, alleging ineffective assistance of appellate counsel.  The Fifth District Court of Appeal of Florida summarily denied the petition.

Petitioner filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  The state court denied the motion but clarified the sentence to delete the sex offender designation.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion.  Petitioner filed a motion for rehearing, which was denied.  Petitioner appealed.  The Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.      *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.    *Analysis*

   A.    *Claim One*

Petitioner asserts that counsel rendered ineffective assistance by failing to call Janet Valdez ("Valdez") as a witness.  In support of this claim, Petitioner contends that Valdez would have testified that the State asked her to "stretch the truth" to corroborate the victims' allegations.  Petitioner further maintains that Valdez would have testified that she had no knowledge that Petitioner had a propensity to molest children and that he was not that type of person.

Petitioner raised this claim in his Rule 3.850 motion.  The state court denied relief pursuant to *Strickland*.  (App. Y at 4.)  The state court reasoned that Valdez's purported testimony was hearsay and thus inadmissible.  *Id*.  The state court concluded, therefore, that no prejudice resulted from counsel's failure to call Valdez.  *Id*.

Initially, the Court notes that Petitioner has not offered any evidence to demonstrate what testimony Valdez would have given if called as a witness.  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance

claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)).  Thus, this claim is speculative.

Assuming, however, that Valdez would have testified as alleged by Petitioner, he has not shown that the denial of this claim is contrary to, or an unreasonable application of, *Strickland*.  Testimony that Valdez was not aware that Petitioner had a propensity to molest children and was asked by the State to "stretch the truth" was inadmissible hearsay and character evidence.  *See* Fla. Stat. §§ 90.404, 90.609, 90.801.  Furthermore, such testimony would not have refuted the victim's testimony.  Petitioner, therefore, has not demonstrated that counsel was deficient for failing to call Valdez or that he was prejudiced as a result.  Accordingly, claim one is denied pursuant to Section 2254(d).

**B.** **Claim Two**

Petitioner maintains that counsel rendered ineffective assistance by failing to present a defense based on confabulation.  In support of this claim, Petitioner contends that the defense of confabulation was plausible to demonstrate that the victim's testimony was based on coercion, suggestibility, or peer influence.

Petitioner raised this claim in his Rule 3.850 motion.  The state court denied the claim as speculative.  (App. Y at 6.)  The state court reasoned that Petitioner could not predict what testimony an expert would have given concerning a confabulation defense. *Id*.

An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading. Vague and conclusory claims failing to state facts which would demonstrate an entitlement to

relief can be dismissed without further consideration.  *Blackledge v. Allison*, 431 U.S. 63 (1977); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support a claim of ineffective assistance of counsel).  Petitioner has not offered any evidence demonstrating that an expert would have testified that the victim was confabulating.  Moreover, Petitioner's defense at trial was that the victim's parents had made up the allegations against him because they owed money to Petitioner's parents.  Thus, the jury heard evidence from which it could have concluded that the victim fabricated her testimony based on the prompting of her parents.  In sum, this claim is speculative, and Petitioner has not shown that a reasonable probability exists that the outcome of his trial would have been different had counsel attempted to present a confabulation defense.  Accordingly, claim two is denied pursuant to Section 2254(d).

### C.   Claim Three

Petitioner contends that counsel rendered ineffective assistance by failing to argue that the admission of the victim's videotaped statement to child protection services violated his Sixth Amendment right to confront witnesses.  Petitioner further argues that counsel should have sought to admit parts of the videotape that were deemed to be inadmissible hearsay by the trial court, specifically the portion of the victim's statement in which the victim allegedly indicates that her brother told her to accuse Petitioner of molesting her.

Petitioner raised this claim in his Rule 3.850 motion.  The state court denied relief

pursuant to *Strickland*. (App. Y at 7-8.) The state court reasoned that the Confrontation Clause was not violated by the admission of the videotape because the victim testified at trial and thus was subject to cross-examination. *Id*. at 8.

In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court of the United States held that testimonial statements from witnesses who are not present to testify at trial must be excluded if offered against the accused to establish the truth of the matter asserted. 541 U.S. at 68. In the instant case, the victim testified at trial. Thus, Petitioner had an opportunity to cross-examine the victim, and there was no violation of the right to confront witnesses. Furthermore, the trial court determined that the portion of the vicitm's viedotape wherein she made statements regarding what her brother said were inadmissible hearsay. Had counsel moved to admit this portion of the videotape, the motion would have been denied. Counsel cannot be deemed to be deficient for failing to raise a non-meritorious issue.

Finally, review of these statements indicates that the victim did not say that her brother told her to accuse Petitioner of touching her, but instead the victim stated that she heard her brother say that Petitioner had touched his butt. (App. B at 95-96.) Thus, even assuming counsel had moved to admit these statements and the motion had been granted, these statements do not negate the victim's trial testimony and pretrial statement that Petitioner touched her vagina. In sum, no reasonable probability exists that the outcome of the trial would have been different had counsel moved to suppress the videotape or sought to admit certain portions of the videotape. Accordingly, claim three is denied

pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.  However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Orelbe Zayas is

**DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    Petitioner is **DENIED** a Certificate of Appealability.

3.    The Clerk of the Court is directed to enter judgment accordingly and close

this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of May, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 5/31
Counsel of Record
Orelbe Zayas